IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KERPER YENGLEE,** | : | **CIVIL ACTION** |
| Petitioner | : | |
| | : | |
| v. | : | No. 06-CV-4835 |
| | : | |
| **DAVID DiGUGLIELMO, et al.,** | : | |
| Respondents | : | |

## M E M O R A N D U M

**STENGEL, J.**                                                                                November  29, 2006

Before the court is a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by Kerper Yenglee, a state prisoner presently incarcerated at the State Correctional Institution at Graterford, Montgomery County, Pennsylvania.  In his petition, Mr. Yenglee indicates that he was convicted of murder in the Court of Common Pleas of Luzerne County, one of the 33 counties which comprise the Middle District of Pennsylvania.  See 28 U.S.C. § 118(b).  Although Mr. Yenglee was convicted in the Middle District of Pennsylvania, he is in custody in the Eastern District of Pennsylvania.  See 28 U.S.C. § 118(a).  Title 28 U.S.C. § 2241(d) provides that where an application for writ of habeas corpus is made by a person in custody under the judgment and sentence of a state court in a state which contains two or more federal judicial districts,

> the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.  The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d).  Thus, two district courts may have concurrent jurisdiction if the petitioner

is in custody in one district and was convicted in a different district.  Id.

The claims which Mr. Yenglee presents in his habeas petition deal with the constitutionality of his conviction and sentence.  Because the records of his conviction and appeal are located in the Middle District of Pennsylvania and the District Attorney of Luzerne County would be in the best position to respond to this petition, it is in the best interests of justice to transfer this petition to the Middle District of Pennsylvania.

An appropriate Order follows.